**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| LLOYD RIDDLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 04-CV-4201-JPG |
| ) | |
| SHELBY BIGGS et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

This matter is before the Court on defendant Biggs' Motion to Dismiss or Strike (Doc. 11), the City of Casey's Motion to Dismiss or Strike under F.R.Civ.P. 12(b)(6) (Doc. 13), and Biggs' Motion to Dismiss or Strike (Doc. 26). Riddle has responded to Biggs' first motion to strike (Doc. 17), Casey's motion to dismiss (Doc. 22), and Biggs' second motion to strike (Doc. 28). The parties have submitted memoranda in support of all these motions. (Docs. 12, 14, 18, 23, 27 and 29 respectively).

**BACKGROUND**

Lloyd Riddle instituted this action October 4, 2004, and summonses were issued to Defendants Biggs and Casey on October 12, 2004. (Doc. 1). Sometime in August 2005, it came to the attention of the Clerk's office that returns of service had not been filed with the Court. Therefore, the Clerk's office entered its standard notice, indicating that the "cause will be dismissed by the Court for want of prosecution unless action is implemented within 20 days from this date to effect service on said defendant." (Doc. 3). Shortly after the Clerk's office filed this notice,

-1-

Attorney Sean Britton entered his appearance on behalf of Riddle, and had the Clerk issue additional summonses for defendants. Britton filed what purported to be a returns of service on Defendants Casey and Biggs on September 15, 2005. On September 30, 2005, Attorney James Cook entered his appearance on behalf of both defendants. On this date, Cook filed a motion to dismiss on Biggs' behalf (Doc. 11), claiming that Riddle improperly served Biggs insofar as Riddle served the Clerk for the City of Casey, not Riddle. In this motion, Biggs also pointed out that service was effected well after the 120 days required in F.R.Civ.P. 4(m). Additionally, he took notice of the Clerk's notice of impending dismissal which he characterized as an extension of time to complete service. As the notice of impending dismissal only mentioned Casey, Biggs claimed no similar extension was granted as to him. In the meantime, Riddle had a second alias summons issued as to Biggs on September 26, 2005 (Doc. 15). On October 2, 2005, Riddle filed a response to Biggs' motion to dismiss (Doc. 17). In his response, Riddle similarly characterized the Clerk's notice of impending dismissal as an extension of time to effect service. Though he noted that the notice only mentioned Casey, he argued that it was the Court's intent to give him an additional opportunity to effect service on Biggs as well. Biggs was finally served on November 4, 2005 (Doc. 20). After he was served, Biggs filed another motion to dismiss. (Doc. 26). In this motion, Biggs notes that service was effected almost 10 months beyond the 120-day period in Rule 4(m). Further, he claims he has been prejudiced by Riddle's delay in effecting service, that the Court did not extend the deadline with respect to him and that Riddle has failed to show good cause for the delay. In his response (Doc. 28), Riddle "denies that he failed to comply with the Court rules insofar as the Court expressly extended the period in which service could be attempted on Defendant in its notice of pending dismissal for want of prosecution." (Doc. 28 at 1). He also claims that Biggs was not prejudiced

because he was on notice of the pendency of the action. (Doc. 29 at 1).

## **ANALYSIS**

The Court would first like to clear up the confusion in this case regarding the notice of impending dismissal entered in this case. In the first place, this is not an order of the Court (it bears no signature indicating that it was), and thus, *the Court* did not extend the time for service of process on either defendant in this case. As the parties should have been aware, the Clerk of Court does not have the authority to extend the period of time for service beyond the 120-day period set out in the Federal Rules. *See* F.R.Civ.P. 4(m). That being said, the Court has reviewed the notice entered in this case and understands how it might be misconstrued – this is especially so given the fact that both parties here were under the same mistaken impression. Under Rule 4(m), the Court has the discretion to allow the plaintiff to effect service outside of the 120-day period for excusable neglect; if the plaintiff shows "good cause" for his failure, an extension is mandatory. *Coleman v. Milwaukee Bd. of School Dirs.*, 290 F.3d 932, 933-34 (7th Cir. 2002) The Court is disinclined to characterize Riddle's failure to serve Biggs for over 13 months as excusable neglect – especially in light of Riddle's failure to offer any reason for waiting so long. Though the Court can hypothesize that Riddle's failure was due to the fact that his previous attorney was suspended from practice, he did not make this argument to the Court, nor is the Court convinced that the fact alone is sufficient to show good cause for waiting a year to serve the defendants. Thus, at this point, the Court believes that a dismissal under 4(m) is warranted. However, under the circumstances, the Court realizes that the statute of limitations might be a real concern here. Therefore, the Court **ORDERS** Riddle to **SHOW CAUSE on or before April 7, 2006,** why the Court should not **DISMISS** his claims against Biggs pursuant to Rule 4(m) and Rule 12(b)(5). By ordering Riddle to show cause, the Court means

"good cause" as the term is used in Rule 4(m) and expanded upon by the rulings of the Supreme Court and the Seventh Circuit. Further, Riddle would be well-advised to include arguments as to why Biggs would not be prejudiced by his failure to effect service in a timely manner. In an abundance of caution, the Court is speaking not only of his failure to effect service after the notice of impending dismissal, but his failure to even attempt to serve Biggs for 10 months after he filed his complaint. To the extent he believes he has been prejudiced by Riddle's failure to effect service, Riddle may submit whatever arguments he feels are worthy of the Court's consideration by the deadline given to Biggs. However, to receive any great consideration, Riddle should make arguments more detailed than those he made on this score in his motion to dismiss. (*See* Doc. 12 at 3). As a result of this order to show cause, the Court finds that Biggs' motions to dismiss (Docs. 11, 26) are **MOOT and therefore the Court DENIES** these motions.

The Court is left with the two additional arguments made in Casey's motion to dismiss or strike. The Court will address Casey's second argument first, its claim that it cannot be liable for punitive damages under § 1983. *See City of Newport v. Fact Concerts*, 453 U.S. 247 (1981). The Court agrees with this argument and Riddle has conceded that punitive damages are inappropriate given the fact that Casey is a municipality. *See id*. Therefore, the Court **GRANTS** this part of its motion and **STRIKES** the complaint to the extent it seeks punitive damages against Casey.

In its other argument, Casey claims Riddle has failed to state a claim upon which relief can be granted because he has failed to identify an express policy or policy implied by custom and practice of Casey on which a § 1983 claim can be based. In his complaint, Riddle alleges that Biggs, an employee of the City of Casey (the Superintendent of Utilities and Agent of the Board of Health of the City of Casey) attacked him while working within the scope of his employment. (Doc. 1 at

1-2). Specifically, he purports to premise Casey's liability on its failure "to adequately supervise, train, and instruct its employees" and that it "engaged in a policy custom, or practice manifesting deliberate indifference to the constitutional rights of persons with whom the Superintendent of Utilities would come into contact on a usual and recurrent basis." (*Id*. at 5). Basically, Casey argues Riddle cannot predicate its liability on its failure to train its employees not to assault citizens. Though Casey admits that such training might be appropriate for employees likely to be put into situations where physical confrontation might be necessary (*e.g.*, police officers), it claims that such training would be completely unnecessary for the Superintendent of Utilities. (*Id.*). In his response, Riddle claims that pleading a policy manifesting "deliberate indifference" is sufficient to get past a 12(b)(6) motion. He claims the nature and extent of the policy at issue here can only be determined through discovery, which he has not yet conducted. (Doc. 23 at 1-2).

When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts all allegations as true and draws all reasonable inferences in favor of the plaintiff. *Brown v. Budz*, 398 F.3d 904, 908 (7th Cir. 2005); *Holman v. Indiana*, 211 F.3d 399, 402 (7th Cir. 2000). The Court should not grant a motion to dismiss unless it appears beyond doubt that the plaintiff cannot prove his claim under any set of facts consistent with the complaint. *Brown*, 398 F.3d at 908-09; *Holman*, 211 F.3d at 405. "[I]f it is possible to hypothesize a set of facts, consistent with the complaint, that would entitle the plaintiff to relief, dismissal under Rule 12(b)(6) is inappropriate." *Brown*, 398 F.3d at 909 (internal quotations omitted).

Generally, courts will not grant a motion to dismiss merely because the complaint is vague or lacking in detail so long as it pleads "the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer." *Higgs v. Carver,* 286 F.3d 437, 439 (7th Cir.

2002); *see Brown*, 398 F.3d at 908; *Strauss v. City of Chicago*, 760 F.2d 765 (7th Cir. 1985). A complaint does not fail to state a claim merely because it does not set forth a complete and convincing picture of the alleged wrongdoing. *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998); *American Nurses' Ass'n v. Illinois*, 783 F.2d 716, 727 (7th Cir. 1986). Nor must it allege all, or any, of the facts logically entailed by the claim. *Higgs,* 286 F.3d at 439; *Bennett*, 153 F.3d at 518; *American Nurses'*, 783 F.2d at 727. Nonetheless, the complaint must provide a short and plain statement of the claim sufficient to fairly put the defendant on notice of the claim and its basis. *Leatherman v. Tarrant Co. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993); *Brown*, 398 F.3d at 908; *see also* Fed. R. Civ. P. 8(a).

To begin, the Court notes that a municipality may not be held liable under §1983 on a *respondeat superior* theory. *Monell v. Department of Social Servs.*, 436 U.S. 658, 690 (1978). However, a municipality can be liable under § 1983 if (1) it had an express policy calling for constitutional violations (2) it had a widespread practice of constitutional violations that was so permanent and well settled as to constitute a custom or usage with the force of law or (3) if a person with final policymaking authority for the county caused the constitutional violation. *Monell*, 436 U.S. at 694; *McCormick v. City of Chicago*, 230 F.3d 319, 324 (7th Cir. 2000). A municipality is liable only when its "policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy," is the moving force behind the constitutional violation. *Monell*, 436 U.S. at 694. In making a determination on whether Riddle has pleaded his cause against Casey sufficiently, the Court must be guided by the Seventh Circuit's determination in *McCormick v. City of Chicago*. There, McCormick sought to hold the City of Chicago liable under the second method mentioned above. 230 F.3d at 324. In addressing whether his inclusion

of phrases such as "highest policymaking officers" and "widespread custom" was sufficient to meet the notice pleading standard as explained in *Leatherman*, the Court felt it had two options: to consider the inclusion of such language sufficient, or to require the pleading of additional facts which would lead to those conclusions. *Id*. The Court determined that *Leatherman* and its progeny counseled the former. *Id*. at 325 (noting that the rules of civil procedure do not permit dismissal of § 1983 claims for lack of factual specificity under Rule 12(b)(6)). The Court did, however, make a point of recognizing that a plaintiff's allegation of facts showing that a defendant is entitled to prevail on a motion to dismiss trumps the above discussion. *Id*. (citing *Bennett v. Schmidt*, 153 F.3d 516, 519 (7th Cir. 1998)). Casey believes Riddle has pleaded himself out of his claim. The Court agrees that Riddle's claim on this score is weak, and possibly even frivolous. However, the Court is without sufficient facts to make this determination. Inquiries into the policy and custom of a municipality need to be made with reference to certain facts, such as whether the particular situation which led to the illegal action is common or unique. *See Robles v. City of Fort Wayne*, 113 F.3d 732, 735 (7th Cir. 1997); *Erwin v. County of Manitowoc*, 872 F.2d 1292, 1298 (7th Cir. 1989) (Before applying the principles of *Monell* . . . we must first clearly understand the facts."). Although common sense suggests that the situation here (a Superintendent of Utilities in a physical confrontation with a citizen) is unique, the Court cannot be sure on this point because the parties have not indicated what Biggs' duties in this position were. Further, the complaint and the briefs do not disclose exactly what Biggs was doing on Riddle's property. If Biggs is the type of employee that regularly goes onto the property of private citizens to check their gas meters, maybe – though most likely not – Riddle has a case. Without information about Biggs' history or the history of others in similar positions, the Court is without the information to say with a strong degree of

confidence whether Casey failed to act "in the face of actual or constructive notice that such a failure is likely to result in constitutional deprivations." *Robles*, 113 F.3d at 735 (internal quotations and citations omitted). Again, it seems quite unlikely, but not impossible. The Court believes these issues are best left for summary judgment. Therefore, the remainder of Casey's motion to dismiss is **DENIED**.

## CONCLUSION

Biggs' motions to dismiss (Docs. 11, 26) are **DENIED as MOOT**. Riddle is **ORDERED** to **SHOW CAUSE on or before April 7, 2006,** why the Court should not **DISMISS** his claims against Biggs pursuant to Rule 4(m) and Rule 12(b)(5). Casey's motion to dismiss (doc. 13) is **GRANTED** insofar as it relates to Riddle's punitive damages claim against Casey. The Court **STRIKES** that portion of the complaint which prays for punitive damages against Casey. The remainder of Casey's motion to dismiss is **DENIED**. The **Clerk of Court** is **DIRECTED** to enter judgment accordingly at the end of this case.

**IT IS SO ORDERED.**

**Dated: March 29, 2006.**

　　　　　　　　　　　　　　　　　　　　　　　　　/s/ J. Phil Gilbert
　　　　　　　　　　　　　　　　　　　　　　　　J. PHIL GILBERT
　　　　　　　　　　　　　　　　　　　　　　　　U.S. District Judge